[Cr. A. No. 993. Appellate Department, Superior Court, County of Los Angeles.—December 21, 1933.]

THE PEOPLE, Respondent, v. OSCAR LUND, Appellant.

(2 Cal. Supp. 84.)

Henry C. Huntington for Appellant.

Ray L. Chesebro, City Attorney, Ernest K. Maine, Assistant City Attorney, and John L. Bland, Deputy City Attorney, for Respondent.

BISHOP, P. J.—We are of the opinion that the defendant's conviction of vagrancy in the Municipal Court of the City of Los Angeles should be affirmed, even though the evidence of the conduct on his part which stamped him as a vagrant did not reveal any such conduct in Los Angeles city.

Defendant was charged with being an idle, lewd and dissolute person, and so a vagrant, under the provisions of subdivision 5, section 647 of the Penal Code. By his admissions, and by the testimony of others, it clearly appeared that for some time he had been living with, and on the earnings of, one identified by several witnesses as a prostitute and a proprietor of houses of prostitution. Such proof warranted the jury in finding that he was a vagrant, as charged. (*People* v. *Craig*, (1907) 152 Cal. 42 [91 Pac. 997].)

The difficult question presented by this appeal arises from the fact that, so far as was established by the evidence, the defendant's cohabitation with the prostitute did not take place within the city of Los Angeles, but within a neighboring township of more than 30,000 population, over whose misdemeanors the trial court had no jurisdiction. (Secs. 1425 and 1462, Pen. Code.) The evidence raises a strong suspicion that on the occasion of one of his arrests the defendant had just come from the then residence of the prostitute in the city of Los Angeles. But a mere suspicion, however strong, will not support this judgment, and there is no proof that the defendant was conducting himself as a vagrant on any of his several appearances in the city of Los Angeles.

Authorities squarely in point on our problem are disappointingly lacking. We are not without guidance, however. There is strong support for our conclusion in *People* v. *Craig, supra,* where the lawfulness of an arrest

on a charge of vagrancy was the turning point of the case. The arrest had been made without a warrant; it could only be justified, the Supreme Court pointed out, if the person arrested had committed a misdemeanor in the arresting officer's presence, not some time in the past, but on the occasion of the arrest. The actions demonstrating that the person arrested was a vagrant had all taken place, it appeared, some time prior to, not on the occasion of, the arrest. The conclusion reached was that the arrest was legal, the court stating (p. 47): "Vagrancy differs from most other offenses in the fact that it is chronic rather than acute; that it continues after it is complete, and thereby subjects the offender to arrest at any time before he reforms." Plainly the Supreme Court's conclusion was that one is guilty of being a vagrant at any time and place where he is found, so long as the character remains unchanged, although then and there innocent of any act demonstrating his character.

A situation not without analogy is reviewed in *State* v. *Hennessy*, (1921) 114 Wash. 351 [195 Pac. 211]. The defendant had been convicted on a charge of being a member of the Industrial Workers of the World. The argument was made that the defendant could not be convicted in Clarke County on such a charge, for it was not shown that there was an organization of the I. W. W. in that county and it did appear that he had become a member of the organization, not in Clarke County, but in Yakima County. The Washington Supreme Court answered the argument by the statement that no matter where the defendant became a member, he was a member wherever found, and he was properly convicted because such. Similarly, we conclude, a person charged with vagrancy in that he is a dissolute person is a vagrant while he remains such dissolute person, and a conviction should be upheld even though the acts, which warrant the conclusion, occurred outside the jurisdiction.

■ This case does not present the problem of one standing convicted of being a vagrant in a new environment on evidence of his life among associates he had abandoned. There is here no suggestion of reform. Defendant, by his own declarations, competent to establish a fact not a

part of the *corpus delicti,* was in the city of Los Angeles September 20th. The evidence is definite that he was living with the prostitute on September 6th, 17th and 18th. After his presence in the city of Los Angeles on the 20th, he returned to her place of abode, where his clothes were hanging in the closet with those of his dissolute companion. The jury were justified in concluding that he was, in Los Angeles, what he proved himself to be in the neighboring township, both immediately before and after his presence here, a vagrant.

The judgment and order are affirmed.

Fox, J., and Shinn, J., concurred.